

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARAN BROWN | Case Number 11 6786 |
| Plaintiff | |
| v. | CIVIL COMPLAINT |
| CAPITAL ONE, N.A. & NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

FILED OCT 31 2011 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Daran Brown, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Daran Brown, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which also prohibit debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this district.

## III. PARTIES

4. Plaintiff, Daran Brown is an adult natural person residing at 5538 Ludlow Street, Philadelphia, Pennsylvania 19139. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc., ("Defendant, NCO") at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, Capital One, N.A., ("Defendant, Capital One"), at all times relevant hereto, is and was a corporation engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the Commonwealth of Pennsylvania and the State of New York, with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about August 28, 2011, Plaintiff received a phone call from Defendant, Capital One in regards to an alleged debt owed on an account belonging to Plaintiff's fiancé's.

9. Plaintiff made payment arrangements with Defendant, Capital One to make the first payment on or before September 15, 2011.

10. On or about August 31, 2011, Plaintiff received another phone call from Defendant, Capital One in regards to the alleged debt.

11. Plaintiff explained to Defendant Capital One's agent that Plaintiff had made prior arrangements to make a payment.

12. Defendant, Capital One's agent, looked up the information and apologized for the call and told the Plaintiff his name would be removed from the call list.

13. On or about September 2, 2011, Plaintiff received yet another call from Defendant, Capital One in regards to the debt.

14. Plaintiff again explained of the previous payment arrangements made with Defendant, Capital One.

15. Defendant, Capital One's agent stated he would make sure Plaintiff's name was removed from the call list.

16. On or about September 7, 2011, Plaintiff received a phone call to his cell phone from Defendant, NCO in regards to the alleged debt.

17. Plaintiff explained to Defendant, NCO's agent that he had made payment arrangements with Defendant, Capital One in regards to the alleged debt.

18. Defendant, NCO's agent told the Plaintiff he owed approximately $365.00 and asked the Plaintiff to make payment arrangements.

19. Plaintiff stated that he had made payment arrangements with Defendant, Capital One and would pay Defendant, Capital One not Defendant, NCO.

20. Plaintiff also asked that Defendant, NCO not call the Plaintiff's cell phone anymore.

21. On or about September 8, 2011, Plaintiff received another phone call to his cell phone from Defendant, NCO.

22. Plaintiff again explained to Defendant, NCO's agent that Plaintiff had made arrangements with Defendant, Capital One.

23. Plaintiff also told Defendant, NCO's agent to stop calling his cell phone.

24. Defendant, NCO's agent told the Plaintiff the account belonged to Defendant, NCO, now and they would continue to call Plaintiff until he paid.

25. Defendant, NCO, continued to call the Plaintiff's cell phone on a regular basis.

26. On or about September 9, 2011, Plaintiff called Defendant, Capital One in regards to the phone calls he was receiving from Defendant, NCO.

27. Defendant, Capital One stated they would notify Defendant, NCO, about the payment arrangements that were made.

28. On or about September 10, 2011, at approximately 10:00 a.m., Plaintiff received a phone call from Defendant, Capital One's agent, "Steven", in regards to the alleged debt.

29. Plaintiff asked Defendant Capital One's agent, "Steven", to speak with a manager because the Plaintiff was getting annoyed with receiving constant calls from Defendant, Capital One, when there was already a payment arrangement in place.

30. Defendant, Capital One's agent, "Steven", stated there was no need to talk to a manager, that he would remove the Plaintiff's name right now while on the phone.

31. On or about September 10, 2011, at approximately 4:00 p.m. Plaintiff received another call from Defendant, Capital One, in regards to the debt.

32. On or about September 10, 2011, Plaintiff also received a phone call from Defendant, NCO, in regards to the debt.

33. One or about September 24, 2011, Plaintiff received another phone call to his cell phone from Defendant, NCO, in regards to the alleged debt.

34. Plaintiff asked Defendant NCO's agent to speak with a manager.

35. Defendant NCO's agent transferred Plaintiff to a manager who told Plaintiff once again he would remove the Plaintiff's cell phone from the call list.

36. Plaintiff also continues to receive phone calls from Defendant, Capital One, in regards to debt despite having already made payment arrangements.

37. Plaintiff continues to receive phone calls to his cell phone from Defendant, NCO regarding the debt despite Defendant, NCO, informing them there was already an agreement in place with Defendant, Capital One.

38. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

39. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

40. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

41. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and

pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. NCO

42. The above paragraphs are hereby incorporated herein by reference.

43. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

44. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| § 1692d(6): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(5): | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

### Plaintiff v. NCO and Capital One

45. Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

46. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

47. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

48. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

49. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

50. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

51. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

52. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, Capital One, N.A. and NCO Financial Systems, Inc., and Orders the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

### Plaintiff v. NCO and Capital One

53. The foregoing paragraphs are incorporated herein by reference.

54. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

55.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

56.     The action of Defendants, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.      Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

57.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

58.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, Capital One, N.A. and NCO Financial Systems, Inc., and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV - CIVIL CONSPIRACY

### Plaintiff v. NCO and Capital One

59. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 41, inclusive, of this complaint as though fully set forth herein.

60. Plaintiff is informed and believes and therein alleges that Defendants, both of them, entered into an agreement under which said Defendants, NCO and Capital One, acting in concert, agreed to willfully or knowingly violate the FDCPA.

61. The acts of the Defendants, NCO and Capital One, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

62. Defendants, NCO and Capital One, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants, NCO and Capital One's, financial gain.

63. Defendants, NCO and Capital One, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

64. As a proximate result of the wrongful acts of the Defendants, NCO and Capital One, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                     **Respectfully submitted,**

                                                     **WARREN & VULLINGS, LLP**

**Date: October 28, 2011**              **BY: */s/Bruce K. Warren BKW4066***
                                                   Bruce K. Warren, Esquire

                                                 **BY: */s/Brent F. Vullings BFV8435***
                                                   Brent F. Vullings, Esquire

                                                 Warren & Vullings, LLP
                                                 93 Old York Road
                                                 Suite 333
                                                 Jenkintown, PA   19046
                                                 215-745-9800   Fax 215-745-7880
                                                 Attorneys for Plaintiff